IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : C. P. NO.: JULY TERM, 1996
:
:
V. :
:
: NO.: 0322, 1/1
:
TYREEM RIVERS :

## OPINION

J. SAVITT                                                      JANUARY 27, 2004

The defendant has filed an appeal of this Court's order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 et seq.

Following a waiver trial presided over by this Court, the defendant was convicted of murder in the second degree, robbery, theft, and receiving stolen property. On appeal, the judgment of sentence was affirmed on July 30, 1999 by the Superior Court and a petition for allowance of appeal was denied on January 4, 2000.

Thereafter, on June 20, 2000, the defendant filed a pro se PCRA petition. Counsel was appointed to assist the defendant in the preparation of an amended PCRA petition. On April 10, 2003, an amended petition was filed on defendant's behalf. The Commonwealth filed a motion to dismiss on October 9, 2003. This Court took the matter under advisement. Following a review of the record and the respective pleadings, this Court agreed with the Commonwealth's assertions. The defendant was provided notice

pursuant to Rule 907 and on January 21, 2004, the defendant's PCRA petition was dismissed.

In his PCRA petition, defendant claims trial counsel was ineffective for failing to present as witnesses, Barbara Thompson and Margie Rivers. In support of his claim, the defendant provided affidavits from the proposed witnesses.

The witnesses, which defendant claims would have created a reasonable doubt had they testified, are hardly exculpatory witnesses. Ms. Thompson places defendant at the bank just prior to the assault and murder of the 85-year-old victim. Ms. Rivers, the defendant's grandmother, clearly gives a reason why the defendant would have been in the area of the bank (she had asked him to meet her there) however, since her car trouble prevented her from getting to the bank, she merely places the defendant in the area of this robbery-murder.

Since the absence of this testimony could not have prejudiced the defendant, see Commonwealth v. Bracey, 795 A.2d 935 (Pa. 2001), counsel cannot be deemed ineffective. For this reason, the defendant's PCRA petition was dismissed.

BY THE COURT:

_____ J.