J. S48006/05

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| TYREEM RIVERS, | : | |
| Appellant | : | No. 633 EDA 2004 |

Appeal from the PCRA Order entered January 21, 2004
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. 9607-0322 1/1

BEFORE:  DEL SOLE, P.J., JOYCE, J. and McEWEN, P.J.E.

MEMORANDUM:                                          Filed: November 4, 2005

This is a *pro se* appeal from the order dismissing Appellant's petition for relief pursuant to the Post Conviction Relief Act.  We are concerned with Appellant's lack of counsel on appeal.

> The Pennsylvania Rules of Criminal Procedure and our caselaw make clear that an indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA.  This right to representation exists "throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief." Pa.R.Crim.P. 1504(d).  It is equally clear that once counsel has entered an appearance on a defendant's behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance.

**Commonwealth v. Quail**, 729 A.2d 571, 573 (Pa. Super. 1999) (citations omitted).

Appellant had appointed counsel for his PCRA petition.  After this appeal was filed, Appellant apparently requested to proceed *pro se*.  A

J. S48006/05

hearing was conducted; the PCRA court ultimately appointed new counsel for Appellant.  The events that followed are not included in the certified record.  The Commonwealth alleges in its brief that "another proceeding" was held, following which Appellant decided to proceed *pro se*.  Commonwealth's Brief at 4.  Appellant alleges in his brief that: "Due to several failed attempts to receive some correspondence from [appointed appellate counsel] regarding this appeal, appellant reluctantly filed a subsequent petition to waive the representation of new counsel as well, so that all meritorious claims of ineffectiveness ... could be appropriately addressed on this appeal."  Appellant's Brief at xii.

The record does not contain any information on the relevant events including a petition from Appellant, an order by the PCRA court permitting appointed counsel to withdraw, or any indication a proceeding was held to conduct a waiver of counsel colloquy.  Thus, we are unable to determine whether Appellant was denied his right to counsel.

Accordingly, we remand to the PCRA court for a finding concerning the status of Appellant's representation in light of the above-discussed facts and law.  If the court finds it necessary to conduct a hearing on the matter, it should do so.  If the court can make such a finding from documents of record in its possession, it should do so, and appropriately supplement the certified record for our review.

Case remanded.  Panel jurisdiction retained.