J. S48006/05

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYREEM RIVERS, | : | |
| | : | |
| Appellant | : | No. 633 EDA 2004 |

Appeal from the PCRA Order entered January 21, 2004
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. 9607-0322 1/1

BEFORE: DEL SOLE, P.J., JOYCE, J. and McEWEN, P.J.E.

MEMORANDUM: Filed: August 30, 2006

This is an appeal from the order dismissing Appellant's petition for post-conviction relief.[1] Appellant's petition sought to challenge his convictions entered following a non-jury trial for murder in the second degree, robbery, theft by unlawful taking and receiving stolen property. The judgment of sentence imposed for Appellant's crimes was affirmed following Appellant's direct appeal. After further review by the Pennsylvania Supreme Court was denied, Appellant filed his timely PCRA petition, the denial of which is the subject of this appeal.

---

[1] Appellant's appeal was filed *pro se* and this Court remanded the case to the PCRA court with instructions regarding Appellant's right to representation. Thereafter new counsel was appointed. Counsel has filed a brief on Appellant's behalf with this Court; the Commonwealth has submitted a responsive brief and the matter is now ripe for our review.

J. S48006/05

On appeal Appellant raises four claims. He alleges trial counsel was ineffective for failing to present two witnesses. He further contends that all trial and appellate counsel were ineffective for failing to preserve claims that Appellant's arrest was not based on probable cause, that the preliminary hearing identification made by a witness was inadmissible and that an in-court identification was unduly suggestive. We affirm.

The relevant facts of Appellant's case were summarized by this Court in his direct appeal as follows:

> On June 3, 1996, appellant walked into a Philadelphia bank and watched an 85-year-old woman cash a check and put money in her purse. Appellant waited outside for the woman, who left a few minutes later. Appellant followed her and, as she went up the front steps to her home, he grabbed her purse with such force she fell to the sidewalk.
>
> The victim was rushed to the hospital, where she was treated for multiple fractures of her face, neck, nose and hands. Still conscious, she was able to tell police what happened. Later that day, she slipped into a coma and never recovered. She died on June 16, 1996.
>
> A mail carrier witnessed the entire crime from his truck about ninety feet away, and described the assailant as a black teenager, about 5'5" to 5'7" tall, wearing a white and blue baseball cap, a denim jacket and nylon pants. In addition, police obtained pictures taken by a bank security camera right before the crime; the pictures revealed a young black man, matching the mail carrier's description, hanging around the front of the bank shortly before the assault. Officer Steven Gormley identified the man in the photographs as appellant, whom he knew from prior encounters.
>
> [A search warrant was executed; Appellant was arrested.]
>
> Appellant was taken to the police station, where Detective Leon Lubiejewski informed him of his *Miranda* rights. Appellant

J. S48006/05

> waived his right to remain silent; after being shown the photos of himself loitering outside the bank, he admitted the crime. Detective Lubiejewski transcribed the questions and answers that made up the confession, and appellant signed the bottom of each page.

**Commonwealth v. Rivers**, 742 A.2d 1151 (Pa. Super. 1999) (unpublished memorandum at 1-3).

Appellant claims his trial counsel was ineffective for failing to call his grandmother, Margie Rivers, and a family friend, Barbara Thompson. It is well-established that to prevail on such a claim, a petitioner must demonstrate that: (1) the witness existed; (2) the witness was available to testify; (3) counsel knew or should have known of the witness's existence; (4) the witness would have cooperated and testified on the petitioner's behalf; and (5) the absence of the witness's testimony prejudiced the petitioner. **Commonwealth v. Malloy**, 856 A.2d 767, 782 (Pa. 2004). The PCRA court found that Appellant was not prejudiced by the absence of the testimony Appellant alleged these witnesses could provide. We agree.

Margie Rivers would have testified, per her affidavit, that she planned to meet Appellant at the bank that day, but, due to car trouble, was not able to do so. Thus, at best, her testimony could have provided Appellant with a legitimate reason to be at the bank, but it would have been wholly irrelevant to the critical events which occurred after Appellant left the bank.

Barbara Thompson would have testified that she ran into Appellant at the bank that day and spoke to him. In the affidavit attached to Appellant's

J. S48006/05

PCRA petition, she stated that she waited for his grandmother with him, then left and went to the store. Appellant attaches a new affidavit from Ms. Thompson to his brief, in which she stated she saw him drive away from the bank that day. First, because this new affidavit was not before the PCRA court, it is not properly before this Court. **See Commonwealth v. Kennedy**, 868 A.2d 582, 593 (Pa. Super. 2005); Pa.R.A.P. 1921. Secondly, even if we consider both affidavits, neither provides exculpatory testimony, as neither provides an alibi for the crime, which occurred after Appellant left the bank. Accordingly, because we agree that the absence of testimony from these two witnesses was not prejudicial to Appellant, we find no error in the PCRA court's assessment of these claims.

Appellant next challenges prior counsels' ineffectiveness for failing to preserve certain claims. To prove his allegations of ineffectiveness, Appellant must show: (1) his underlying claim has arguable merit; (2) counsel had no reasonable basis or strategy for the claimed action/inaction; and (3) counsel's error or omission caused actual prejudice to Appellant. **See Commonwealth v. Stanley**, 830 A.2d 1021, 1023-24 (Pa. Super. 2003).

Appellant claims that prior trial and appellate counsel were ineffective for failing preserve a claim that Appellant's arrest was made without

J. S48006/05

probable cause.[2]  In his direct appeal Appellant alleged that his arrest was improper because it was not based upon probable cause and that the confessions he subsequently gave to police should therefore have been suppressed.  The Court noted that Appellant's claims, although included in his pre-trial suppression motion, were dropped at the suppression hearing, and thus were waived.  However, the Court went on to hold that "[e]ven if these claims were not waived, they are meritless."  **Commonwealth v. Rivers**, (unpublished memorandum at 6).  As an alternative, the Court remarked that even if the arrest was unlawful, the confession was properly admitted where it followed a full set of **Miranda**[3] warnings and Appellant's agreement to voluntarily waive those rights.  Appellant's current claim cannot afford him relief where it is clear that he was not prejudiced by counsel's waiver because his issues were addressed by the Court in spite of such waiver.

Appellant's final claims concern prior counsels' failure to preserve claims related to identification testimony given by an eyewitness, Mr. Antonelli.  Appellant complains that this witness was improperly permitted to make an informal identification after viewing Appellant for an extended period of time at the preliminary hearing.  Appellant claims that this

---

[2] In the body of the argument on this issue Appellant improperly includes a related claim, that the confessions he gave following his arrest should have been suppressed.  *See* Pa.R.A.P. 2116.

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

J. S48006/05

opportunity allowed for an "informal identification," which improperly tampered the witness's later in-court identification.

First, we note that these claims are waived as they were not included in Appellant's PCRA petition and were not subject to review by the PCRA court. Furthermore, they are without merit. Regardless of Mr. Antonelli's opportunity to observe Appellant during the preliminary hearing, this witness had ample opportunity to observe Appellant at the scene of the crime. Mr. Antonelli's in-court identification was made independent from any observation made at the preliminary hearing. The witness testified that on the day of the crime he saw a man snatch the victim's purse. At that point the perpetrator's back was to Mr. Antonelli. However, the perpetrator then turned around and starting running toward the witness who was in his mail truck. The witness testified:

> He was coming facing me, running. I was beeping the horn and trying to get people's attention. So when I liked trying [sic] to block him off with the truck, I cut him off, he just faked this way and went around it.

N.T., 9/11/97, at 163.

This testimony makes evident that Mr. Antonelli had plenty of opportunity to observe Appellant in the daylight as he ran directly toward the mail truck. The witness was also directly questioned by the trial court judge as to the source of his identification testimony:

> THE COURT: Now, do you remember him as being the person who you saw perpetrate the crime, or do you remember him as the person you saw at the preliminary hearing?

J. S48006/05

>THE WITNESS:  Oh, I remember him.
>
>THE COURT:  As what?
>
>THE WITNESS:  That day it happened, the day of the crime.

*Id.* at 170-71.

Even where a witness has an impermissible confrontation with a defendant, a subsequent in-court identification which is independently based on the witness's observation will be admissible and counsel will not be deemed ineffective for failing to suppress such identification. **Commonwealth v. Edwards**, 762 A.2d 382, 392 (Pa. Super. 2000).  Here the record makes clear that the witness's identification was based on his observation of Appellant at the scene of the crime, and prior counsel will not be faulted for failing to preserve a challenge to this witness's in-court identification testimony.

Order affirmed.