45

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TYREEM M. RIVERS,                    )
                                     )  Civil Action
            Petitioner               )  No.  07-cv-01949
                                     )
      v.                             )
                                     )
LAWRENCE MAHALLY,[1]                 )
THE DISTRICT ATTORNEY OF THE         )
   COUNTY OF PHILADELPHIA, and       )
THE ATTORNEY GENERAL OF              )      FILED
   THE STATE OF PENNSYLVANIA,        )
                                     )    OCT 27 2014
            Respondents              )   MICHAEL E.
                                         By

**O R D E R**

NOW, this **24** day of October, 2014, upon

consideration of the following documents:

1) Petition for Writ of Habeas Corpus by a Person in
   State Custody ("Petition"), filed by petitioner
   pro se on May 14, 2007 (Document 1);

2) Memorandum of Law in Support of Habeas Corpus
   Petition, which memorandum was filed by
   petitioner pro se on August 9, 2007 ("Memorandum
   in Support of Petition") (Documents 6 through 6-
   1);

   a) Exhibits A through L (Documents 6-1 through
      6-2);

3) Response to Petition for Writ of Habeas Corpus,
   which response was filed by respondents on
   November 5, 2007 (Document 9); together with

   a) Exhibits A through D (Documents 9-1 through
      9-4);

---

[1]    Petitioner Tyreem M. Rivers is currently housed at the State
Correctional Institution ("SCI") at Dallas, Pennsylvania.  I have renamed as
the initial respondent the current superintendent of the State Correctional
Institution SCI Dallas, Lawrence Mahally.  See Rules Governing Section 2254
Cases, Rule 2(a) (petition must name as respondent the state officer who
currently has custody of petitioner).

10-28-14  marked to ProSe
          e-mailed to:  J. Goldwer

4)   This Petitioner['] Response to the District
     Attorney's Response to His Memorandum of Law in
     Support of His Habeas Corpus Petition, which
     response was filed by petitioner pro se on May 5,
     2008 ("Petitioner's Response") (Document 18);
     together with

     a)   Exhibit M (Document 18-1);

5)   Report and Recommendation of United States
     Magistrate Judge David R. Strawbridge dated and
     filed June 25, 2008 ("R&R") (Document 20);

6)   Petitioner['] s Objection[s] to the Magistrate's
     Defective Report and Recommendation, which
     objections were filed by petitioner pro se on
     July 17, 2008 ("Petitioner's Objections")
     (Document 23);

7)   Response to Objections to Report and
     Recommendation, which response was filed by
     respondents on December 5, 2008 (Document 26);

8)   [Letter] Motion for Reconsideration Granting
     Petitioner to Seek Leave to Amend/Supplement
     Habeas Petition, which letter motion from
     petitioner was dated September 3, 2014 ("Letter
     Motion for Reconsideration");[2]

it appearing that petitioner's objections to Magistrate Judge

Strawbridge's Report and Recommendation are, with the exception

of the objections discussed in footnote 5 below, a restatement

---

[2]   By Order dated August 6, 2013 and filed August 7, 2013
(Document 43), I denied petitioner's Motion Seeking Leave to Amend/Supplement
Habeas Corpus Petition Pursuant to Newly/Discovered [sic] Evidence and/or a
New Rule of Federal Law, which motion was filed by petitioner pro se on
December 7, 2012 (Document 36) for the reasons enumerated in that Order.

      By letter dated August 3, 2013 and filed August 15, 2013
(Document 44) petitioner submitted his Supplement to the Petitioner's Pro'Se
[sic] Habeas Corpus Petition.

      For the reasons discussed below, I have denied petitioner's
[Letter] Motion for Reconsideration Granting Petitioner to Seek Leave to
Amend/Supplement Habeas Petition, and have not considered petitioner's
Supplement to the Petitioner's Pro'Se [sic] Habeas Corpus Petition.

of arguments raised by petitioner in his Petition, Memorandum in

Support of Petition, and Petitioner's Response; it further

appearing, after de novo review of this matter,[3] that the Report

and Recommendation of Magistrate Judge Strawbridge correctly

determined the pertinent legal and factual issues presented in

the petition for habeas corpus relief,

     IT IS ORDERED that petitioner's [Letter] Motion for

Reconsideration Granting Petitioner to Seek Leave to

Amend/Supplement Habeas Petition is denied.[4]

---

[3]    When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

    Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. Raddatz, supra.

[4]    Petitioner's Letter Motion for Reconsideration, which seeks leave to supplement his Petition to include newly discovered evidence, generally restates the arguments which petitioner raised in petitioner's Motion Seeking Leave to Amend/Supplement Habeas Corpus Petition Pursuant to Newly/Discovered [sic] Evidence and/or a New Rule of Federal Law, which motion was filed by petitioner pro se on December 7, 2012 (Document 36), which I denied by Order dated August 6, 2013 and filed August 7, 2013 (Document 43).

    Federal Rule of Civil Procedure 60 provides that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for several listed reasons including "mistake, inadvertence, surprise, or excusable neglect... or any other reason that justifies relief". Fed.R.Civ.P. 60(b)(1)-(6). Here, because petitioner not cited any grounds for relief, but rather simply restated his original argument, petitioner's Letter Motion for Reconsideration is denied.

IT IS FURTHER ORDERED that the objections of

petitioner to the Report and Recommendation of Magistrate Judge

Strawbridge are overruled.[5]

---

[5]     Petitioner raises nine objections to the Report and
Recommendation of Magistrate Judge Strawbridge.

Of these nine objections, two concern whether petitioner's claims
in grounds one through four of his Petition were procedurally defaulted.
Petitioner's objection alleges that the state's appellate courts have been
presented with each and every ground addressed in petitioner's habeas corpus
Petition, and therefore, grounds one through four were not procedurally
defaulted.

I conclude that petitioner's objections regarding procedural
default of claims one through four are meritless. Magistrate Judge
Strawbridge's R&R specifically noted that he recommended denying relief on
those grounds on the merits of the claims, rather than on their being
procedurally defaulted. See R&R at pages 10, 13-18; see also 28 U.S.C.
§ 2254(b)(2) which provides that "An application for a writ of habeas corpus
may be denied on the merits, notwithstanding the failure of the applicant to
exhaust the remedies available in the courts of the State." Accordingly,
because the R&R denies grounds one through four on the merits, and not
because they were procedurally defaulted, plaintiff's objection that the
grounds were not procedurally defaulted is meritless.

In addition to his objections concerning the procedural default
of grounds one through four, Petitioner's Objections contain three objections
concerning procedural default of grounds five and six of his Petition.
Petitioner alleges that Magistrate Judge Strawbridge erred in recommending
that because petitioner did not brief grounds five or six in his Memorandum
in Support of Petition, petitioner had abandoned those claims, and moreover
that the claims were procedurally defaulted.

Specifically, petitioner contends that he did not include grounds
five and six in his Memorandum in Support of Petition because these issues
"hadn't been exhausted during collateral review... and petitioner feared that
if he included (Grounds #5-6) in his Memorandum of law his Habeas Corpus
Petition would have been automatically dismissed as being a 'MIXED
PETITION'". See Petitioner's Objections at pages 8-9.

As Magistrate Judge Strawbridge correctly pointed out in his R&R,
petitioner set forth a fifth and sixth claim in his Petition, but did not
elaborate upon or even refer to these claims in his subsequent Memorandum in
Support of Petition, nor did he respond to the assertion by respondents that
he appeared to have abandoned his claim when he filed Petitioner's Response.
See R&R pages 20-21. Accordingly, I find that petitioner has abandoned
grounds five and six.

(Footnote 5 continued):

-4-

IT IS FURTHER ORDERED that the Report and

Recommendation of Magistrate Judge Strawbridge is approved and

adopted.

IT IS FURTHER ORDERED that the Petition for Writ of

Habeas Corpus by a Person in State Custody is dismissed without

a hearing.

IT IS FURTHER ORDERED that because petitioner has not

met statutory requirements to have his case heard, and no

---

(Continuation of footnote 5):

Moreover, I agree with Magistrate Judge Strawbridge's R&R that,
even if petitioner had briefed grounds five and six, they were in fact
procedurally defaulted because, as petitioner explains in his objections,
grounds five and six had not been considered by the state court either on
direct appeal or collateral review. See 28 U.S.C. § 2254(b)(1)(A) which
provides that "An application for a writ of habeas corpus on behalf of a
person in custody pursuant to the judgment of a State court shall not be
granted unless it appears that ... the application has exhausted the remedies
available in the courts of the State".

A federal court reviewing a petition for habeas corpus under
28 U.S.C. § 2254 may reach the merits of a procedurally defaulted claim if
the prisoner can show cause and prejudice for the default or that a
miscarriage of justice would result from upholding the default. See Coleman
v. Thompson, 501 U.S. 722, 749, 111 S.Ct. 2546, 2564, 115 L.Ed.2d 640, 669
(1991). See also English v. Vaughn, 2005 U.S.Dist.LEXIS 14303 (E.D.Pa.
July 15, 2005) (Surrick, J.) which explained that "the court may reach the
merits of a procedurally defaulted § 2254 claim if the Petitioner can show
that a constitutional violation has probably resulted in the conviction of
one who is actually innocent". Because petitioner has failed to show cause
and prejudice and there is no miscarriage of justice in denying these
procedurally defaulted claims, I agree with Magistrate Judge Strawbridge's
R&R that these claims should be denied as procedurally defaulted.

Accordingly, I overrule petitioner's objections regarding
procedural default of his claims.

With the exception of the objections discussed above,
Petitioner's Objections largely restate the arguments contained in his
Petition, Memorandum in Support of Petition, and Petitioner's Response.
Moreover, upon review of the Report and Recommendation, together with de novo
review of the record in this action, I conclude that the Report and
Recommendation correctly determines the pertinent legal and factual issues
presented by petitioner. Accordingly, I approve and adopt Magistrate Judge
Strawbridge's Report and Recommendation and overrule petitioner's remaining
objections to it.

-5-

reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:

James Knoll Gardner
United States District Judge

-6-